***E-FILED - 8/13/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARTOLO MULLEN, | ) | No. C 03-3676 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S PENDING MOTIONS; GRANTING NAPA STATE HOSPITAL DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT |
| v. | ) | |
| STEPHEN SURTSHIN, et al., | ) | |
| Defendants. | ) | (Docket Nos. 55, 59) |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Napa State Hospital and its staff concerning the conditions of his confinement. The court served plaintiff's second amended complaint on named defendants. Plaintiff has filed a motion requesting the court to ascertain the current location of defendants along with a request to conduct discovery (docket no. 55) and an ex parte motion for appointment of counsel and class certification. Napa State Hospital Defendants have filed a motion to enlarge time to respond to plaintiff's second amended complaint (docket no. 59). The court will DENY plaintiff's motions and GRANT defendants' motion for enlargement of time.

**DISCUSSION**

A.  Plaintiff's Motion to Request Court to Ascertain Current Location of Defendants that No Longer Work at Napa State Hospital in order to Serve Process, and Request for Order to Conduct Discovery.

Plaintiff has filed a motion asking the court to locate named defendants who no longer work at Napa State Hospital so that he may serve them, or, in the alternative, allow him to conduct discovery. According to the docket, those named defendants were served and the summons was executed on July 9, 2008. As such, plaintiff's motion is DENIED as moot.

To the extent plaintiff requests permission to conduct discovery, it may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery. For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek. In addition, no motion to compel will be considered by the court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because plaintiff is committed, he is not required to meet and confer with defendants in person.

Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to defendants to that effect, offering them one last opportunity to provide him

Order Denying Plaintiff's Pending Motions; Granting Napa State Hospital Defendants' Motion to Enlarge Time to Respond to Plaintiff's Second Amended Complaint
P:\pro-se\sj.rmw\cr.03\Mullen676miscmtns2      2

with the sought-after information.

B.      Plaintiff's Ex Parte Request for Appointment of Counsel

Plaintiff moves the court for appointment of counsel. Plaintiff requests that the court appoint counsel based upon his lack of meaningful access to a law library and complexity of issues. Plaintiff also alleges that he needs counsel to conduct discovery and represent a class for a class action. However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 30 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. See id. (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

Here, the court concludes that appointment of counsel is not necessary at this time. Plaintiff acknowledges that he currently has access to the law library, and in fact, admits that his facility was in the process of installing a new legal research system in June 2008. Accordingly, plaintiff's motion for appointment of counsel is DENIED without prejudice.

C.      Plaintiff's Ex Parte Request for Class Certification

Plaintiff further requests the court certify this case as a class action. The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is

1  impracticable, (2) there are common questions of law and fact, (3) the representative party's
2  claims or defenses are typical of the class claims or defenses, and (4) the representative party
3  will fairly and adequately protect the class interests. See Fed. R. Civ. P. 23(a).  However,
4  plaintiff also acknowledges that pro se plaintiffs are not adequate class representatives able to
5  fairly represent and adequately protect the interests of the class, see also Russell v. United States,
6  308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to
7  represent anyone other than himself").  Therefore, this case cannot proceed as a class action.
8  Accordingly, plaintiff's request for class certification is DENIED.

D.  Napa State Hospital Defendants' Motion to Enlarge Time to Respond to Plaintiff's Second Amended Complaint

Good cause appearing, defendants Stephen Surthin, Chris Echols, Patricia White, Sara Isadore, John Benham, Glena Hepner, Carol Ann Kuchmak, Julius Fu, Jesus Gallegos, Tom Moraida, and Ed Foulk ("Napa State Hospital Defendants") request an extension of time, to and including September 3, 2008, in which to file a response to plaintiff's second amended complaint is GRANTED.  All other provisions of the order of service not inconsistent with this order remain in effect.

**CONCLUSION**

1. Plaintiff's motion requesting the court find the current location of defendants no longer working at Napa State Hospital and request for order to conduct discovery (docket no. 55) is DENIED as moot.

2. Plaintiff's ex parte motion for appointment of counsel is DENIED without prejudice.

3. Plaintiff's ex parte motion for class certification is DENIED.

4. Napa State Hospital Defendants' motion for enlargement of time to file a response to plaintiff's second amended complaint (docket no. 59) is GRANTED.

5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper captioned "Notice of Change

1  of Address." He must comply with the court's orders in a timely fashion. Failure to do so may
2  result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
3  Procedure 41(b).
4     IT IS SO ORDERED.
5  DATED: __8/12/08__     *Ronald M. Whyte*
     RONALD M. WHYTE
6     United States District Judge