***E-FILED - 12/9/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARTOLO MULLEN, | ) | No. C 03-3676 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER ADDRESSING |
| | ) | PENDING MOTIONS |
| v. | ) | |
| | ) | |
| STEPHEN SURTSHIN, et al., | ) | (Docket Nos. 56, 58, 67, 76, 77, |
| | ) | 79, 81, 82, 85, 86) |
| Defendants. | ) | |
| | ) | |

On August 7, 2003, plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Napa State Hospital and its staff concerning the conditions of his confinement. Plaintiff has filed a motion to amend, appoint counsel, certify class, and hold pro se pleadings to a less stringent standard (docket no. 76); motion for the court to provide the plaintiff price of copies (docket no. 77); motion for permission to add defendants or accept pleading as a separate claim/complaint (docket no. 79); motion for emergency injunctive relief (docket no. 82); and another motion for injunctive relief (docket no. 86). For the reasons stated below, the court will DENY plaintiff's request to amend his complaint, deny his request to certify cases as a class action, DENY his request to appoint counsel, and GRANT his request to hold his pleadings to less stringent standards (docket no. 76); GRANT the motion for the court to provide plaintiff price of copies (docket no. 77); DENY the motion for permission to add defendants or accept pleading as a separate claim/complaint (docket no. 79); and DENY motions

1  for injunctive relief (docket nos. 82 and 86). Defendants have filed three separate motions to
2  dismiss (docket nos. 56, 58, 67, 81). For the reasons stated below, the court will DENY
3  defendants' motions to dismiss. Napa State Hospital defendants have filed a motion for
4  extension of time to file a reply to plaintiff's opposition to the motion to dismiss (docket no. 85),
5  which the court denies as moot.

## DISCUSSION

A.  Plaintiff's Motion to Amend Complaint, Appoint Counsel, Certify Class, and Hold Pro Se Pleadings to Less Stringent Standards

**1.  Motion to Amend Complaint**

Plaintiff requests another amendment to his complaint in order to respond to defendant Kessler's motion to dismiss. Specifically, he states that he has filed complaints with Patients' Rights over the years, of which he has kept copies, and he would like to list each and every specific act for which defendant Kessler is responsible that violated his constitutional rights.

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). In considering whether to grant or deny a motion seeking leave to amend a complaint, the court may consider whether there is (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility in the amendment, and (5) whether plaintiff has previously amended his complaint. See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. See Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003).

Here, plaintiff filed several motions to amend his complaint, originally filed over five years ago, on August 7, 2003. On April 27, 2005, the court granted plaintiff's request to file an amended complaint. On June 23, 2005, plaintiff filed a first amended complaint. On December 19, 2007, the court granted plaintiff another opportunity to file an amended complaint. On January 10, 2008, plaintiff filed a second amended complaint, which was served on named

defendants on June 3, 2008. On August 5, 2008, plaintiff filed a third request to amend his complaint, prompted by several of the defendants' motion to dismiss. On September 11, 2008, the court denied this motion without prejudice to re-filing the motion within thirty days, accompanied by the proposed amended complaint. Plaintiff has not filed such a proposed amended complaint as instructed by the court. In sum, plaintiff has filed two amended complaints and has seemingly foregone a third opportunity to file another.

Applying the factors used to determine whether to grant a motion to amend, the court finds that undue delay, prejudice to the opposing parties, and the fact that plaintiff has previously filed two amended complaints, weigh in favor of denial. See id. Not only has plaintiff previously been given three opportunities to amend, but the court also notes that this case has been pending for over five years. Further, another amendment is likely to cause unnecessary prejudice to the remaining defendants who have already also filed separate motions to dismiss. It appears that plaintiff wishes to amend his complaint to respond to defendant Kessler's motion to dismiss.[1] However, plaintiff offers no excuse as to the undue delay of why he is requesting yet another amendment at this late date. See Allen, 911 F.2d at 373. In addition, a review of plaintiff's motion suggests that the facts he wishes to raise in an amended complaint concerning defendant Kessler have already been raised in his second amended complaint in general, and it is clear that the factual bases of such claims were known to plaintiff for years, as he concedes. See id. Finally, plaintiff proffers no explanation as to why he failed to "fully develop his contentions" originally, or in his first or second amended complaints. See id. (internal quotations omitted.) Accordingly, the court DENIES plaintiff's motion to amend the complaint.

**2.    Motion to Certify Class, Appoint Counsel, and Hold Pro Se Pleadings to a Less Stringent Standard**

Plaintiff's request for class certification is DENIED for the reasons already stated in the court's October 18, 2008 order. Plaintiff's request for the court to appoint counsel is DENIED

---

[1] The court also notes that plaintiff has failed to file an opposition to any of the motions to dismiss. To the extent that his motions to amend (docket nos. 73, 76) respond to the motions to dismiss, the court will construe those motions to amend as oppositions to defendants' motions to dismiss (docket nos. 56, 58, 67).

without prejudice for the reasons already stated in the court's October 18, 2008 order. Plaintiff's request for the court to hold his pleadings to a less stringent standard is GRANTED for the reasons already stated in the court's June 3, 2008 order.

B.  <u>Motion for Court to Provide Plaintiff the Price to Purchase Copies of the Exhibits that he Already Mailed to the Court</u>

Plaintiff requests the court provide him with a page count of all the exhibits attached to the second amended complaint, as well as the price it would cost to mail copies of such exhibits back to him. Plaintiff asserts that he needs these copies to go with other exhibits that he has received so that he can show a pattern or practice of unconstitutional conduct.

The court GRANTS plaintiff's motion. The Clerk shall send a standard "Request for Copies" form to plaintiff to fill out his request.

C.  <u>Motion for Permission to Add Defendants or Accept Pleading as a Separate Retaliation Claim; Request for Preliminary Injunction and Order to Show Cause</u>

**1.  Motion to Add Defendants or Accept Pleading as Separate Claim**

Plaintiff requests permission to add seven more defendants to his complaint or file a new complaint to include such defendants and a separate retaliation claim that allegedly occurred in August 2008. Specifically, plaintiff alleges Mohamed El-Sabaawi, M.D., Recreational Therapist Gary Dyke, Carmen Caruso, John Dickinson, Linda Howard, Ken Wright, and Canteen worker Kathy conspired and retaliated against plaintiff for exercising his First Amendment right to file grievances and complaints.

Federal Rule of Civil Procedure 15(d) allows for a party to supplement his pleading "upon reasonable notice and upon such terms as are just" to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." A supplemental pleading "cannot be used to introduce a 'separate, distinct and new cause of action.'" <u>Planned Parenthood of Southern Arizona v. Neely</u>, 130 F.3d 400, 402 (9th Cir. 1997) (citation omitted). The court may deny a motion to supplement when the supplemental pleading could be the subject of a separate action. <u>See id.</u> The court also may consider whether permitting the supplemental pleading will promote judicial efficiency. <u>See id.</u>

Order Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.03\Mullen676misc2.wpd            4

Here, plaintiff's case has been pending for over five years. To continue adding claims or defendants will prolong the suit for an indefinite amount of time. Because the originally named defendants could be prejudiced by yet another delay and because of the length of time this case has been pending, the court exercises its discretion in denying plaintiff's motion to add defendants or a separate claim. For the reasons stated above, in addition to the reasons stated in the court's denial of plaintiff's motion to amend, the court also DENIES plaintiff's motion to add defendants or accept pleading as a separate claim/complaint. Should plaintiff wish to pursue this separate cause of action, he may file a separate suit.

### 2. Temporary Restraining Order / Preliminary Injunction / Emergency Injunctive Relief Due to Retaliation

Plaintiff has filed a motion for a temporary restraining order and a preliminary injunction, a motion for emergency injunctive relief concerning the alleged harassment by defendants and claims that the defendants are trying to impede his lawsuit, and another motion for injunctive relief because the defendants are prohibiting him from using computerized research, thereby denying him meaningful access to the courts.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). The Ninth Circuit has held that a request for a TRO and injunctive relief may be based upon either of two sets of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movants; and (4) show that granting the injunction favors the public interest. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).

The "alternative" test requires that the movant demonstrates either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in their favor. See Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.

1  Diamontiney, 918 F.2d at 795.  At the very least, however, the moving party must show a fair

2  chance of success on the merits.  Armstrong v. Mazurek, 94 F.3d 566, 567 (9th Cir. 1996).

3        The court finds that plaintiff has not shown sufficient facts to establish that he actually

4  faces irreparable harm at this time.  Plaintiff may prosecute this case without conducting regular

5  legal research.  As stated previously, plaintiff is not required to give any legal argument or cite to

6  cases or statutes.  Nor has plaintiff shown his probable success on the merits.  Accordingly,

7  plaintiff's motion for a temporary restraining order and a preliminary injunction is DENIED

8  without prejudice.  If plaintiff's circumstances change during these proceedings, he may renew

9  his request with the court.

10 D.    Defendants' Motion to Dismiss

11     **1.    Exhaustion**

12       Defendants have moved to dismiss plaintiff's complaint on the ground that plaintiff has

13 failed to exhaust his administrative remedies.  Plaintiff has not filed an opposition to any of these

14 dismissal motions; however, as stated above, the court will consider his motions to amend as

15 oppositions to these motions to dismiss.  Plaintiff's oppositions assert, in part, that he is not a

16 "prisoner" and should not be required to exhaust his administrative remedies prior to filing suit

17 in federal court.

18       The court previously denied plaintiff's requests to be exempt from the Prison Litigation

19 Reform Act of 1995 ("PLRA") requirements; namely, exhaustion.  After further consideration,

20 the court agrees with plaintiff and concludes that because he in fact is not a "prisoner" within the

21 meaning of the PLRA, he is not subject to the exhaustion requirement of the PLRA.

22       Here, plaintiff was found not guilty by reason of insanity ("NGI")in a criminal action.

23 See California Penal Code § 1026.  The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o

24 action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

25 Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

26 administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Further, the

27 PLRA defines "prisoner" as, "any person incarcerated or detained in any facility who is accused

28 of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . ."  28

U.S.C. § 1915(h); see also 42 U.S.C. § 1997e(h) (identical language).

The issue of whether an NGI plaintiff is a "prisoner" under the PLRA is one of first impression in this circuit.[2] In Page v. Torrey, the Ninth Circuit addressed a similar issue of whether a plaintiff committed to a mental hospital for treatment under California's Sexually Violent Predators Act ("SVPA") was a "prisoner" for purposes of the PLRA and, therefore, subject to its financial reporting and exhausting requirement. See Page v. Torrey, 201 F.3d 1136, 1137 (9th Cir. 2000). In Page, the court relied on the plain language reading of the statute defining "prisoner," and held that "only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners.'" Id. at 1139 (citing cases from other circuits which have similarly concluded that individuals who were not presently detained "as a result of accusation, conviction, or sentence for a criminal offense" were excluded from the PLRA definition of "prisoner"). The court rejected the idea that individuals such as those deemed Sexually Violent Predators who have *previously* been accused of, convicted of, or sentenced for a violation of criminal law but were not *currently* detained for such were included in the definition of "prisoner." Id. (Emphasis added.)

Similarly here, plaintiff was previously accused of a criminal violation and stood trial, but is currently being detained in a mental hospital rather than incarcerated. See Cal. Pen. Code § 1026 (instructing the court after certain findings to "direct that the defendant be confined in a state hospital for the care and treatment of the mentally disordered"). Page also made note that Page was not a prisoner for purposes of the PLRA because his detention under the SVPA was not part of any punishment, but rather, for non-punitive, civil commitment reasons. Page, 201 F.3d at 1140.

California caselaw supports this conclusion, consistently indicating that the purpose of committing NGI individuals to hospitals is not punitive, but rather, for treatment and care of the

---

[2] The only circuit to directly address this issue is the Eighth Circuit. See Kolocotronis v. Reddy, 247 F.3d 726 (8th Cir. 2001) (holding that an NGI individual is a "mental patient, not a convict" and concluding that it is outside the definition of a "prisoner" under the PLRA).

1  mentally disordered.  See People v. Williams, 284 Cal. Rptr. 601, 606 (Cal. Ct. App. 1991)
2  ("The commitment of a defendant to a state hospital after a Penal Code section 1026 insanity
3  determination is in lieu of criminal punishment and is for the purpose of treatment, not
4  punishment.") (quotation and citations omitted); see also Jones v. United States, 463 U.S. 354,
5  368 (1983) ("The purpose of commitment following an insanity acquittal, like that of civil
6  commitment, is to treat the individual's mental illness and protect him and society from his
7  potential dangerousness."); People v. Lopez, 40 Cal. Rptr. 3d 789, 794 (Cal. Ct. App. 2006)
8  (reaffirming Williams' statement that recommitment proceedings for NGI individuals are civil in
9  nature and for the purpose of treatment rather than punishment); People v. Buttes, 184 Cal. Rptr.
10 497 (Cal. Ct. App. 1982) (regarding NGI original and extended commitments, the court stated,
11 "Neither the original commitment nor the extension was criminal punishment but was for
12 treatment in a state hospital.").  "[W]hile it is obvious that confining a person acquitted under
13 Penal Code section 1026 in a state hospital serves to protect society from that person's
14 unreasonable acts and impulses, this sequestration likewise serves the patient by providing a
15 setting for delivering treatment and services which may assist him or her towards mental health.
16 The primary purpose of the state hospital system is to provide for the care, treatment and
17 education of its mentally disordered patients."  Id. (quotation and citations omitted).

18    For the above reasons, the court concludes that because plaintiff was adjudicated NGI
19 and committed to the hospital as a result of that adjudication, he is not a prisoner as defined
20 under the PLRA and, therefore, is not required to exhaust his administrative remedies prior to
21 filing a federal civil rights complaint.  Accordingly, the court DENIES defendants' motion to
22 dismiss the complaint for failure to exhaust administrative remedies.

23 **2.  Defendants Blakemore, Mudgett, and Kessler's motion to dismiss for failure to state a claim**

24    In addition to requesting dismissal based on failure to exhaust, defendants Blakemore,
25 Mudgett, and Kessler also request dismissal on the ground that plaintiff has failed to state a
26 cognizable claim.
27    A case should be dismissed under Rule 12(b)(6) if it fails to state a claim upon which
28

1  relief can be granted. Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir.
2  1995). Dismissal for failure to state a claim is a ruling on a question of law. Id. "The issue is
3  not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to
4  support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). "While a
5  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual
6  allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'
7  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
8  of action will not do. . . . Factual allegations must be enough to raise a right to relief above the
9  speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations
10 omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts
11 to state a claim for relief that is plausible on its face." Id. at 1974. A pro se pleading must be
12 liberally construed, and "however inartfully pleaded, must be held to less stringent standards
13 than formal pleadings drafted by lawyers." Id.

14 Review is limited to the contents of the complaint, Clegg v. Cult Awareness Network, 18
15 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or
16 documents the complaint necessarily relies on and whose authenticity is not contested. Lee v.
17 County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint
18 must be taken as true and construed in the light most favorable to the non-moving party.
19 Symington, 51 F.3d at 1484.

20 "Conclusory allegations without more are insufficient to defeat a motion to dismiss for
21 failure to state a claim." McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).
22 Moreover, when a claim involves an element of improper motive, a heightened pleading standard
23 applies: the plaintiff must make nonconclusory allegations supporting an inference of unlawful
24 intent. Alfrey v. United States, 276 F.3d 557, 567 (9th Cir. 2002).

25 In plaintiff's second amended complaint, he alleges that defendants Kessler, Blakemore,
26 and Mudgett, were tasked with the roles of assisting and advocating for the rights of individuals
27 such as him in their positions at Protection & Advocacy, Inc. and as Patients' Rights Adovcate.
28 Plaintiff asserts that while he made numerous complaints regarding hospital violations, and made

1  those complaints known to the three named defendants, they have failed to "do anything" to stop
2  the alleged abuses and allowed unconstitutional conditions of confinement to continue.

3        Under the Due Process Clause of the Fourteenth Amendment, persons who have been
4  involuntarily committed retain substantive liberty interests, which include the right to adequate
5  food, shelter, clothing and medical care; safe conditions of confinement; and freedom from
6  unnecessary bodily restraint. Youngberg v Romeo, 457 U.S. 307, 315-16 (1982). States also
7  must provide civilly-committed persons with access to mental health treatment that gives them a
8  realistic opportunity to be cured and released. Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir.
9  2000). Additionally, the treatment a prisoner receives in prison and the conditions under which
10 he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney,
11 509 U.S. 25, 31 (1993). A mentally ill prisoner may establish unconstitutional treatment by
12 prison officials by showing that the officials have been deliberately indifferent to his serious
13 medical needs. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). A serious
14 medical need exists if the failure to treat a prisoner's condition could result in further significant
15 injury or the unnecessary and wanton infliction of pain. See Doty, 37 F.3d at 546; Capps v.
16 Atiyeh, 559 F. Supp. 894, 916 (D. Ore. 1983) (inmate suffers Eighth amendment pain whenever
17 he must endure untreated serious mental illness for any appreciable length of time).

18       Defendants argue plaintiff has failed to allege that any of them have caused a violation of
19 his rights or that any of them intentionally deprived him of constitutional rights. However, at
20 this stage, the court must draw all inferences from the allegations in plaintiff's favor. It can be
21 reasonably be inferred from plaintiff's allegations that defendants were deliberately indifferent to
22 his medical needs, in violation of the Eighth Amendment. Accordingly, the defendants' motion
23 to dismiss for failure to state a claim is DENIED.

24       **3.**    **Defendant Kessler's motion to dismiss based on insufficient service**

25       Defendant Kessler also moves for dismissal on the grounds that her service of process
26 was insufficient. Counsel for defendant Kessler asserts that, contrary to the returned executed
27 summons, she was not personally served, and "Deborah Moore," who accepted service on her
28 behalf was not her authorized agent.

Rule 12(b)(5) authorizes dismissal of an action on the grounds that the defendant has not been properly served. See Fed. R. Civ. P. 12(b)(5). Rule 4(m) provides that a complaint is subject to dismissal if it has been pending for over 120 days and service has not been effectuated, absent "good cause." See Fed. R. Civ. P. 4(m). Here, the complaint has been pending for over 120 days and service has not been effectuated. Dismissal is not appropriate at this time, however, because there appears to be "good cause" for the lack of service.

Here, according to the United States Marshals Service's "Process Receipt and Return" form, the Marshals Service forwarded the summons to the San Francisco office for personal service. However, as defendant Kessler indicates, there is no demonstration that Deborah Moore was her agent or was authorized to accept service on her behalf. Although there is an "executed" stamp on the receipt, there is no explanation as to how or why it was executed.

In cases such as this, wherein the plaintiff proceeds in forma pauperis, plaintiff is entitled to rely on the officers of the court to issue and serve all process. 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Here, the lack of service is not attributable to any failure on plaintiff's part. Plaintiff has provided defendant's location, at the requested service of the complaint. As the Marshal has not properly responded to the court's order of service, there is no basis for suspecting that there are any defects in the information plaintiff provided with respect to defendant Kessler's name and location. Under these circumstances, there appears to be "good cause" for the failure to serve defendant, namely the Marshal's failure to effectuate such service as ordered by the court.

Accordingly, the court DENIES defendant Kessler's motion to dismiss under Rule 12(b)(5). The court again orders the Marshal to serve the summons and complaint in this matter upon defendant Kessler. The Marshall shall effectuate such service on an expedited basis, as ordered below.

**CONCLUSION**

1.   Plaintiff's motion to amend his complaint is DENIED. Plaintiff's motion to appoint

1  counsel is DENIED.  Plaintiff's motion for class certification is DENIED.  Plaintiff's request for
2  the court to hold his pleadings to a less stringent standard is GRANTED.
3         2.      Plaintiff's motion for the court to provide him the price to purchase copies of
4  exhibits he has previously mailed to the court is GRANTED.  The Clerk shall send a standard
5  "Request of Copies" form to plaintiff.
6         3.      Plaintiff's motion to add defendants or accept pleading as a separate claim or
7  complaint is DENIED.
8         4.      Plaintiff's motions for a temporary restraining order and preliminary injunctions are
9  DENIED.
10        5.      Defendants' motions to dismiss are DENIED.
11        6.      No later than **sixty (60) days** from the date this order is filed, defendants shall file a
12 motion for summary judgment, or notify the court that they are of the opinion that this case
13 cannot be resolved by such a motion.
14                a.      Any motion for summary judgment shall be supported by adequate factual
15 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
16 Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified</u>**
17 **<u>immunity found, if material facts are in dispute.  If any defendant is of the opinion that this</u>**
18 **<u>case cannot be resolved by summary judgment, he shall so inform the court prior to the</u>**
19 **<u>date the summary judgment motion is due.</u>**
20                b.      Plaintiff's opposition to the dispositive motion shall be filed with the court
21 and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.
22 The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary  judgment by which
> they seek to have your case dismissed.  A motion for summary judgment under
> Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted when there is
> no genuine issue of material fact--that is,  if there is no real dispute about any fact
> that would affect the result of your case, the party who asked for summary
> judgment is entitled to judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot simply

rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      c.     Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      d.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7.    The clerk shall send the United States Marshal a new copy of the summons and second amended complaint, and all attachments thereto. On an **expedited basis**, and within **14 days of the date this order is filed**, the Marshal shall **personally serve**, without prepayment of fees, a copy of the second amended complaint, all attachments thereto, upon **Susan Kessler, Patients Rights Advocate** at **Napa State Hospital** in **Napa, California.**

8.    Napa State Hospital Defendants' motion for extension of time to file a reply to plaintiff's opposition to motion to dismiss is DENIED as moot.

This order terminates dockets numbers 56, 58, 67, 76, 77, 79, 81, 82, 85, and 86.

IT IS SO ORDERED.

DATED: 12/5/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.03\Mullen676misc2.wpd    13