*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARTOLO MULLEN, | ) | No. C 03-3676 RMW (PR) |
| Plaintiff, | ) ) | ORDER ADDRESSING PENDING MOTIONS |
| v. | ) ) | |
| STEPHEN SURTSHIN, et al., | ) ) | (Docket Nos. 87, 95, 96, 97, 98) |
| Defendants. | ) ) | |

On August 7, 2003, plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Napa State Hospital staff concerning the conditions of his confinement. Plaintiff has filed a motion for clarification of sentence in defendants' proposed court order (docket no. 87); renewed motion of previously denied motion for meaningful law library access (docket no. 97); and motion for the court to direct defendants to permit plaintiff to inspect documents and make copies (docket no. 98). For the reasons stated below, the court will DENY as moot plaintiff's motion for clarification, DENY plaintiff's renewed motion for meaningful law library access; and DENY plaintiff's motion for the court to direct defendants to permit inspection and copies. Defendants have filed two separate motions for extensions of time to file a summary judgment motion (docket nos. 95, 96). For the reasons stated below, the court will GRANT both extensions of time.

Order Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.03\Mullen676misc3.wpd

**DISCUSSION**

A. <u>Plaintiff's Motion for Clarification of Sentence in Defendants' Proposed Court Order</u>

Plaintiff requests the court's clarification in explaining the defendants' proposed order (docket no. 85). The court previously denied defendants' motion for extension of time to file a response/reply (docket no. 85) as moot in its order (docket no. 90) filed December 9, 2008. As such, plaintiff's motion for clarification of sentence is also DENIED as moot.

B. <u>Plaintiff's Renewed Motion of Previously Denied Motion for Meaningful Law Library Access</u>

Plaintiff's motion is construed as a motion for leave to reconsider the court's December 9, 2008 order denying his motion for injunctive relief to enjoin defendants from prohibiting him from accessing computerized legal research[1], "resulting in interference with his court access and blocking meaningful access to the courts." (Motion, p. 2.) Plaintiff also contends that he has a right to meaningful access to a law library.

Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. <u>See</u> Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>School Dist. No. 11 v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. <u>See</u> Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party

---

[1] Although plaintiff implies that he has no access to computerized legal research, he does concede that Napa State Hospital contracts with Touch Sonic Technologies, which provides legal research software programs and provides computers to the facility, although he states that the programs are not "user friendly." (Motion, p. 2 n.2.)

Order Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.03\Mullen676misc3.wpd        2

1  applying for reconsideration did not know such fact or law at the time of the interlocutory order;
2  or (2) the emergence of new material facts or a change of law occurring after the time of such
3  order; or (3) a manifest failure by the court to consider material facts which were presented to
4  the court before such interlocutory order. See Civil L.R. 7-9(b). Unless otherwise ordered by
5  the court, no response need be filed to a motion under the Local Rule. See Civil L.R. 7-9(c).

6        The court finds that the requirements for leave to file a motion for reconsideration are not
7  satisfied in the instant case. As to plaintiff's claims of an inadequate law library and denial of
8  access to the courts, the court's previous order concluded that plaintiff failed to establish the
9  requisite element of irreparable harm sufficient to grant an injunction. Plaintiff has not
10 established that there is a material difference in fact or law that exists now as opposed to before,
11 nor has he alleged any new material facts or changes in the law, nor a failure of this court to
12 consider material facts. See Civil L.R. 7-9(b). Further, plaintiff alleged a similar claim
13 regarding the lack of meaningful access to a law library in his second amended complaint, which
14 the court dismissed because plaintiff failed to allege an actual injury. The court continues to
15 conclude that the discontinued use of the West Mate research system and replacement by the
16 Touch Sonic Technologies legal research software program clearly has not deprived plaintiff of
17 his ability to initiate any legal action, as demonstrated by plaintiff's many docketed pleadings,
18 supported by many legal citations in this action.[2] Plaintiff's allegations do not indicate that he is
19 in danger of suffering immediate and irreparable injury from his alleged lack of access to the
20 courts or lack of reasonable access to legal research and this court finds that he is not entitled to
21 preliminary injunctive relief. Accordingly, plaintiff's motion for leave to reconsider the court's
22 previous denial of a motion for injunctive relief (docket no. 97) is DENIED.

23       To the extent plaintiff attempts to bring a new claim of being denied internet access, the
24 court notes that the claim was not sufficiently alleged in the second amended complaint, nor was
25 it served as a cognizable claim. Further, it appears that plaintiff accuses the Department of

---

[2] Although plaintiff asserts that he needs to conduct regular legal research to "rebut responsive pleadings," the right of access to the court is limited to the initiation of a court action, which plaintiff has already done. The state is not required to enable the prisoner to discover grievances or to litigate effectively once in court. See Lewis v. Casey, 518 U.S. 343, 354 (1996).

Mental Health ("DMH") as a defendant and implies that a California state regulation proposed by DMH is unconstitutional. Because DMH is not a party to this action, and such claim is unrelated to plaintiff's currently pending claims of retaliation and inadequate medical care and treatment, it will not be addressed at this late date in the present action. See Fed. R. Civ. P. 18(a), 20(a). Assuming that plaintiff wishes to bring this claim, he must pursue this as separate cause of action.

C.     <u>Motion for Court to Direct Defendants to Permit Plaintiff to Inspect and Make Copies from his State Hospital Charts and Records</u>

Plaintiff requests the court to order defendants to allow him to inspect and make copies of his hospital charts and records in order to "ascertain more information and the exact times and dates" concerning unnamed defendants' alleged illegal search and seizure and retaliatory acts. (Motion, p. 2-3, 5.)

To the extent plaintiff is requesting discovery from the named defendants in this action, plaintiff is reminded that federal courts do not conduct discovery for the parties. The discovery model used in federal courts requires the parties to conduct their own discovery without court assistance unless there is a dispute between the parties that they cannot resolve without court intervention. Plaintiff may request inspection and copies of documents from defendants, <u>see</u> Fed. R. Civ. P. 35(a), keeping in mind that such requests must be within the proper scope of discovery, <u>see</u> Fed. R. Civ. P. 26(b). Only when a dispute arises does the court step into the discovery process. The court may compel a party or nonparty to comply with a discovery request, but such an order presupposes the existence of a valid discovery request. Here, plaintiff has not shown that he has made valid discovery requests for which he has not received responses. Accordingly, plaintiff's motion to direct defendants to permit him to inspect and make copies is DENIED.

To the extent plaintiff is requesting discovery from nonparties, the court cannot compel nonparties to provide plaintiff with information but can order them to produce documents if properly requested. Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. See Fed. R. Civ. P.

1  34(c), 45(a). In order to do so, plaintiff must fill out the subpoena forms and must ensure that
2  each person is served with the subpoena by a non-party. Plaintiff must tender to each person
3  "the fees for one day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1).
4  The current requisite fee for each person is forty dollars per day, see 28 U.S.C. § 1821(b), and
5  cannot be waived for a plaintiff proceeding in forma pauperis. See Dixon v. Ylst, 990 F.2d 478,
6  480 (9th Cir. 1993).

7        To the extent plaintiff is requesting discovery in order to support or create a separate
8  cause of action, plaintiff is cautioned that discovery is limited to "nonprivileged matter that is
9  relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).

10        Plaintiff also requests the court to send a copy of its June 3, 2008 order. The request is
11  granted. The clerk shall send a copy of the June 3, 2008 order (docket no. 40) to plaintiff.

12  D.    <u>Motion for Extension of Time to File Motion for Summary Judgment</u>

13        Good cause having been shown, defendants requests for an extension of time in which to
14  file a motion for summary judgment are GRANTED. Accordingly, defendants' motion for
15  summary judgment shall be filed on or before March 11, 2009. Plaintiff's opposition thereto will
16  be due 30 days after the filing date of the motion. Any reply defendants wish to file will be due
17  no later than 15 days after the filing date of plaintiff's opposition. As this case has been pending
18  for over five years, requests for further extensions are not favored.

19  **CONCLUSION**

20      1.    Plaintiff's motion for clarification of sentence in defendants' proposed court order
21  (docket no. 87) is DENIED as moot.

22      2.    Plaintiff's motion for leave to reconsider previously denied motion for
23  meaningful law library access (docket no. 97) is DENIED.

24      3.    Plaintiff's motion for the court to direct defendants to permit plaintiff to inspect
25  and make copies (docket no. 98) is DENIED. The clerk shall send a courtesy copy of the June 3,
26  2008 order (docket no. 40) to plaintiff.

27      4.    Defendants' motions for an extension of time to file a motion for summary
28  judgment (docket nos. 95, 96) is GRANTED. On or before March 11, 2009, defendants shall file

1  a motion for summary judgment, or notify the court that they are of the opinion that this case

2  cannot be resolved by such a motion.

3        a.    Any motion for summary judgment shall be supported by adequate factual

4  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

5  Procedure. **Defendants are advised that summary judgment cannot be granted, nor**

6  **qualified immunity found, if material facts are in dispute. If any defendant is of the**

7  **opinion that this case cannot be resolved by summary judgment, he shall so inform the**

8  **court prior to the date the summary judgment motion is due.**

9        b.    Plaintiff's opposition to the dispositive motion shall be filed with the court

10  and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

11  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

1  v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

2            c.    Defendant shall file a reply brief no later than **fifteen (15) days** after
3  plaintiff's opposition is filed.

4            d.    The motion shall be deemed submitted as of the date the reply brief is due.
5  No hearing will be held on the motion unless the court so orders at a later date.

6       5.   It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
7  and all parties informed of any change of address and must comply with the court's orders in a
8  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
9  pursuant to Federal Rule of Civil Procedure 41(b).

       This order terminates dockets numbers 87, 95, 96, 97, and 98.

       IT IS SO ORDERED.

DATED:  3/16/09

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

Order Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.03\Mullen676misc3.wpd        7