*E-FILED - 6/3/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARTOLO MULLEN, | ) | No. C 03-3676 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING NEXT FRIEND REQUEST AND |
| v. | ) ) | GRANTING EXTENSION OF TIME FOR PLAINTIFF |
| STEPHEN SURTSHIN, et al., | ) ) | TO FILE OPPOSITION TO MOTION FOR SUMMARY |
| Defendants. | ) ) | JUDGMENT |
| | ) | (Docket Nos. 119, 120, 125) |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants concerning the conditions of his confinement. On March 25, 2009, defendants Stephen Surtshin, Chris Echols, Patricia White, Sara Isadore, Glena Hepner, Carol Ann Kuchmak, Jesus Gallegos, Tom Moraida and Ed Foulk (collectively, the "Napa State Hospital Defendants") moved for summary judgment. Plaintiff's opposition was due on April 27, 2009. To date, he has not filed any opposition. The day after the summary judgment motion was filed, plaintiff was transferred from Napa State Hospital to Folsom State Prison. Because of the transfer, it appears that plaintiff did not receive service of the motion until April 22 or 27. On April 15, plaintiff's friend Danny Atterbury sent a letter to the court informing the court of plaintiff's transfer and

1 requesting "next friend" status to prosecute this action on behalf of plaintiff.  On April 22,
2 the Napa State Hospital Defendants objected to Atterbury's request.  On May 13, plaintiff
3 informed the court of the transfer and claimed that the transfer had impeded his ability to
4 represent himself and prosecute this action.  Specifically, plaintiff complained of the
5 restricted access to the law library for inmates housed in the administrative segregation
6 unit, of his inability to bring any of his property to the prison, and of his inability to
7 obtain indigent mail status at the prison.[1]  Plaintiff also requested assistance of Atterbury
8 in prosecution of this action.

9      Federal Rule of Civil Procedure 17(c) permits a suit by a next friend for an infant
10 or incompetent person.  In order to proceed as next friend, Atterbury must show that
11 plaintiff -- the real party in interest -- "is unable to litigate his own cause due to mental
12 incapacity, lack of access to court, or similar disability."  *Whitmore v. Arkansas*, 495 U.S.
13 149, 163-64 (1990).  In addition, the next friend must be truly dedicated to the best
14 interests of the person on whose behalf he seeks to litigate, and he must have some
15 significant relationship with the real party in interest.  *Id*.  The person seeking next friend
16 status holds the burden of establishing "the propriety of his status and thereby justifying
17 the jurisdiction of the court."  *Id*.

18      There is no evidence that Atterbury has plaintiff's best interests in mind, or that
19 Atterbury has a "significant relationship" with plaintiff.  Likewise, there is no evidence
20 that plaintiff is mentally incompetent or otherwise incapable of pursuing his own action.
21 In fact, plaintiff has litigated this action for 6 years already.  Plaintiff claims he can no
22 longer represent himself because he is now housed in administrative segregation.  This

---

[1] The same day, plaintiff filed a motion "requesting the courts [sic] to please excuse plaintiff or serve the defendants a copy notice of change of address and notice and update of plaintiff's status."  At the same time, plaintiff filed a letter with the court informing the court that he was given 20 indigent envelopes on May 8, 2009 and the court could ignore his complaint about his inability to obtain indigent mail status at the prison.  Since plaintiff has obtained indigent envelopes, the court DENIES plaintiff's motion to excuse him from service (docket no. 125).

1  court has experience handling hundreds of cases involving prisoners incarcerated in
2  California prisons who are housed in administrative segregation and yet are able to
3  successfully file and pursue § 1983 cases and habeas corpus petitions.  Plaintiff admits
4  that he filed one request for law library access which was granted.  He has not asserted
5  that any requests have been denied.  Neither plaintiff nor Atterbury have demonstrated
6  that plaintiff's current placement in administrative segregation denies him access to court
7  to the extent that he is unable to pursue his § 1983 suit on his own.  Therefore, the court
8  SUSTAINS the Napa State Hospital Defendants' objection (docket no. 120), DENIES
9  Atterbury's request for next friend status (docket no. 119) and ORDERS  the letter filed
10 by Atterbury on plaintiff's behalf (docket no. 119) STRICKEN from the record.

11     In light of the fact that plaintiff may not have received service of defendants'
12 motion for summary judgment until April 22 or 27 and was transferred to state prison the
13 day after the summary judgment motion had been filed, the time for plaintiff to respond to
14 defendants' motion for summary judgment is *sua sponte* EXTENDED until **thirty (30)**
15 **days** from the date this order is filed.  Defendants shall file a reply to plaintiff's
16 opposition **fifteen (15) days** thereafter.

17     This order terminates docket nos. 119, 120, and 125.
18     IT IS SO ORDERED.
19 DATED:   6/3/09                    /s/ Ronald M. Whyte
                                       RONALD M. WHYTE
20                                     United States District Judge

Order Denying Next Friend Request and Granting Extension of Time for Plaintiff to File Opposition to Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.03\Mullen676next.friend.wpd     3