1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

***E-FILED - 9/8/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARTOLO MULLEN, | ) | No. C 03-3676 RMW (PR) |
| | ) | |
| | ) | ORDER DISMISSING |
| Plaintiff, | ) | DEFENDANT SURTSHIN; |
| v. | ) | DIRECTING PLAINTIFF TO |
| | ) | LOCATE UNSERVED |
| STEPHEN SURTSHIN, et al., | ) | DEFENDANTS |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

18    Plaintiff filed a pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's

19 oppositions to defendants' motions for summary judgment is currently due on September 21,

20 2009.

21 A.    Defendant Surtshin

22    On March 26, 2009, counsel for defendants filed a "Notice of Death of Defendant

23 Stephen Surtshin," stating that defendant Surtshin died.  Counsel made no mention of defendant

24 Surtshin's successor or representative.  Plaintiff was made aware of defendant Surtshin's death

25 because a copy of the filing was sent to plaintiff at his then-current address at Napa State

26 Hospital, as well as to plaintiff's representative, William Sargent, a CCHR Advocate and Human

27 Rights' investigator.

28    More than five months have passed and neither party has filed a motion for substitution

1  naming defendant Surtshin's successor or representative pursuant to Federal Rule of Civil

2  Procedure 25(a)(1), which states:

3  If a party dies and the claim is not extinguished, the court may order substitution of the proper
   party. A motion for substitution may be made by any party or by the decedent's successor or
4  representative. If the motion is not made within 90 days after service of a statement noting the
   death, the action by or against the decedent must be dismissed.
5
   Fed. R .Civ. P.  25(a)(1).
6
7          Because no motion for substitution has been made within ninety days after service of a

8  statement noting the death, plaintiff's claims against defendant Surtshin are DISMISSED.

9  B.     Defendants Benham and Fu

10         On June 17, 2009, counsel for defendants filed a letter indicating that on July 9, 2008, an

11 agent at Napa State Hospital, Deborah Moore, mistakenly accepted service on behalf of

12 defendants Benham and Fu.  Defense counsel states that both defendants Benham and Fu were

13 not employed by Napa State Hospital at any time on July 9, 2008, or thereafter.  Defense counsel

14 cannot obtain their whereabouts in order to get their consent to representation by the Attorney

15 General's Office.  Neither defendant Benham nor Fu have been properly served with plaintiff's

16 second amended complaint.

17         Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a

18 showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants.

19 See Fed. R. Civ. P. 4(m).  In cases wherein the plaintiff proceeds in forma pauperis, the "officers

20 of the court shall issue and serve all process."  28 U.S.C. 1915(d).  The court must appoint the

21 Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court,

22 must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.

23 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  Although a

24 plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the

25 Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather,

26 "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to

27 remedy any apparent defects of which [he] has knowledge."  Rochon v. Dawson, 828 F.2d 1107,

28 1110 (5th Cir. 1987).  If the marshal is unable to effectuate service through no fault of his own,

1  for example, because plaintiff failed to provide sufficient information or because the defendant is

2  not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation

3  or face dismissal.  See Walker, 14 F.3d at 1421-22.

4       Because plaintiff has not served defendants Benham nor Fu, nor has he provided

5  sufficient information to allow the Marshal to locate and serve defendants Benham nor Fu,

6  plaintiff must remedy the situation or face dismissal of his claims against said defendants

7  without prejudice.  See Walker, 14 F.3d at 1421-22.

8       Accordingly, plaintiff must provide the court with accurate and current location

9  information for defendants Benham and Fu such that the Marshal is able to effect service upon

10  them.  If plaintiff fails to provide the court with the accurate and current identifying information

11  and locations, within **thirty (30) days** of the date this order is filed, plaintiff's claim against

12  defendants Benham and Fu will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil

13  Procedure; the dismissal will be without prejudice to plaintiff refiling his complaint with such

14  information.

15      IT IS SO ORDERED.

16  DATED:   9/4/09

                                 *Ronald M. Whyte*

17                            RONALD M. WHYTE
                          United States District Judge